UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 2:87-CR-12-FTM-17

KENNETH GRAHAM LASSITER.

_____/

ORDER

This cause is before the Court On Defendant Kenneth Graham Lassiter's letter request for clarification. (Exhibit A).

Defendant Lassiter was sentenced in this case on September 11, 1987. On September 18, 1989, Defendant Lassiter's sentence was amended. On December 13, 1995, Defendant Lassiter's sentence was again amended. A copy of the Amended Final Judgment is attached to this Order. (Exhibit B). This sentence included: 10 years imprisonment without parole followed by 5 years supervised release as to Count I; 10 years imprisonment with parole as to Count 2, and 10 years imprisonment with parole as to Count 3. All counts were ordered to run consecutive to one another.

Defendant Lassiter served a term of imprisonment after sentencing in 1987. On February 21, 2006, Defendant Lassiter began serving a term of parole. Defendant Lassiter was discharged from parole on May 18, 2011, and began serving Defendant's 5 year term of supervised release. Defendant Lassiter's term of supervised release was scheduled to terminate on May 17, 2016. However, the Petition for Violation of Supervised Release filed on November 6, 2013 stopped the clock. When Defendant Lassiter is _released from state custody, Defendant Lassiter will be brought into federal custody for a hearing on the Petition for Violation of Supervised Release.

Case No. 2:87-CR-12-FTM-17

Defendant Lassiter has been in state custody since Defendant Lassiter was arrested and charged by the Palm Bay Police Department in Brevard County Circuit Court. Even if federal authorities took possession of Defendant Lassiter pursuant to a writ of habeas corpus ad prosequendam, the state's authority is not interrupted, and Defendant Lassiter's federal sentence does not begin to run until Defendant Lassiter is turned over to federal authorities after having served his state sentence. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980).

The Court also notes that a federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence. See Finch v. Vaughn, 67 F.3d 909, 915 (11th Cir. 1995); Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1990). At the time that Defendant Lassiter is sentenced on the Violation of Supervised Release, Defendant Lassiter will have the opportunity raise any issue as to concurrency. Accordingly, it is

**ORDERED** that Defendant Lassiter's request for clarification is **denied**, except as stated above. The Clerk of Court shall provide a copy of this Order to pro se Defendant at the address below.

Case No. 2:87-CR-12-FTM-17

**DONE and ORDERED** in Chambers in Tampa, Florida on this 6th day of February, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Kenneth Graham Lassiter
#733135
Holmes Work Camp
3182 Thomas Drive
Bonifay, FL   32425-0190